IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.   03-cv-02355-RPM

LEONID DMITRUK, Administrator of the Estate of Alexander Bugaychuk, deceased,
YELENA BUGAYCHUK, an individual,
NATALIE MELNIK, an individual,
IRINA MOROZOV, personally and as administrator of the Estate of Yevgeniy Morozov,
deceased, and as Guardian for
SARA MOROZOV, a minor, and
ELEANNA MOROZOV, a minor,

           Plaintiffs,

v.

GEORGE AND SONS' REPAIR SHOP, INC., d/b/a George's Towing, and
GEORGE ROSLER,

           Defendants.
_____

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
_____

In this civil action brought under 28 U.S.C. § 1332, the plaintiffs seek to recover

damages resulting from the deaths of Yevgeniy Morozov and Alexander Bugaychuk

who were killed when the Budget Rental van, driven by Morozov with Bugaychuk as a

passenger ran into the back of the trailer of a semi tractor-trailer owned by Angel

Express on Interstate Highway I-70 on November 26, 2001, in Colorado.  Angel

Express, Inc., and Jorge Lage, the driver of the tractor-trailer were named as

defendants in the amended complaint filed November 26, 2003.   The case was settled

as to those defendants and the second amended complaint was filed June 22, 2004.

After discovery has been completed, the remaining defendants, George and Sons'

Repair Shop, Inc., and George Rosler filed a motion for summary judgment, with supporting documents and that motion has been briefed fully.

The undisputed facts shown in the papers filed are that at approximately 10:00 a.m. on the morning of November 26, 2001, after an overnight snow storm, the Colorado State Patrol called George and Sons to send a tow truck to move the Angel Express tractor-trailer which was stuck in the snow with a wheel off the pavement on eastbound I-70 near the exit to Cedar Point, Colorado.  George Rosler responded, driving the tow truck to that location where a State Patrol vehicle, with flashing overhead lights on, was parked behind the Angel Express truck.  Rosler hooked up to the truck and pulled it back onto the pavement.  He then unhooked the tow truck and asked the Angel Express driver, Lage, to drive ahead to the next exit to discuss how the bill for towing would be paid.

The two vehicles each moved under their own power forward approximately one mile to the exit ramp 348 with the tow truck in the lead.  I-70 is a divided four-lane highway with a turn-off third lane leading to the exit ramp.  The highway was snow packed and icy because of the previous night's storm and the exit ramp had not yet been cleared of snow.  At the point where the tow truck and tractor-trailer parked, there is no shoulder and the side of the road drops off.  Accordingly, both vehicles were in the exit lane.  The weather was cold and Rosler sat, with his son, in the tow truck cab while Lage made a telephone call to his employer.  Within minutes the Budget Rental van struck the rear of the Angel Express trailer directly, crushing the van and killing Morozov instantly.  Bugaychuk died within hours.  The tow truck and the semi trailer

2

had their emergency flashers activated and on, warning of their presence.  Neither driver had placed any type of warning triangles out on the highway beside and behind their respective vehicles.

There is no explanation for why Morozov drove the van directly into the back of the trailer.  The plaintiffs have speculated that he was intending to take the exit but that is implausible given that he and Bugaychuk were going to Florida.

The theory of the plaintiffs' case is that Rosler had the duty under Colorado law to place reflective triangular warning devices on the roadway as soon as possible but in any event within ten minutes of stopping, as required by 49 C.F.R. § 392.22 and C.R.S. § 42-4-230.  The defendants deny that Rosler had any duty to place the warning triangles out for the Angel Express tractor-trailer and that is the pivotal point in this litigation.  There is nothing to suggest that the placement of such triangles out behind the tow truck would have prevented the collision.  It is assumed for purposes of considering the defendants' summary judgment motion that the vehicles were stopped in the exit lane long enough to require that the warning triangles be placed behind and beside the Angel Express vehicle.

The plaintiffs have separately filed a motion for partial summary judgment, asking this Court to rule as a matter of law that there was negligence *per se* for the failure of Rosler to place the warning triangles in accordance with the applicable statute and regulation.  The plaintiffs have attempted to impose a duty on these defendants under principles of a common or joint enterprise or a special relationship because Rosler had made the suggestion that they pull up ahead to discuss the way in which

the towing fee would be paid and he in the lead vehicle picked the place to stop.
Those principles do not apply in this case.  Both trucks moved under their own power
and Lage was free to make his own decision either to agree with Rosler as to where
they would stop and as to whether to place the warning triangles out for the tractor-
trailer.  Rosler had no independent duty to do so and there is no basis for vicarious
liability for George and Sons' Repair Shop for any negligence by Lage.

The defendants have moved for judgment of dismissal on other grounds as well.
They assert that Colorado law governs in this case as to all issues and that under
C.R.S. § 13-21-203 there can be only one action for the recovery of damages for the
wrongful death of any one decedent.  Before this civil action was filed, the plaintiffs filed
an action in the State of Washington against Angel Express, Inc., for the wrongful
death of both decedents.  The same attorney represented the plaintiffs there as
appears for them here.  This action was dismissed as to Angel Express, Inc., and Lage
because the Washington case settled before adjudication.

The plaintiffs argue that Washington's wrongful death statute should be applied
as the choice of law with respect to damages.  They agree that Colorado law applies for
determining liability and, inconsistently, also have filed a motion for leave to amend the
complaint to add exemplary damages, recoverable under Colorado but not Washington
law.

Applying the guidelines set forth in the Restatement (Second) of Conflict of Laws
§ § 6 and 145, Colorado law determines this issue and all other issues in this case.  It
is the place where the injury occurred; it is the domicile and residence of the

4

defendants and the place where the relationship between the parties is centered.  The policy considerations applicable to this matter are the interests of the Colorado General Assembly in limiting the liability of the residents of this State for damages resulting from traffic occurrences on the highways within the State of Colorado.  The section of the Colorado statute incorporates by reference the limitations established in C.R.S. § 13-21-102.5.  Such damage limitations have significance for owners and operators of commercial vehicles in determining what levels of insurance are necessary and in the conduct of their business operations.  The wrongful death statutes must be interpreted strictly because they are in derogation of the common law where no recovery was permitted.

The defendants have also asserted that they have no liability because of a release executed by the Bugaychuk plaintiffs in settling with the insurer of Budget Rental Car, based on a contention that it had liability because the collision was caused by the negligence of Morozov.  That release, Defendant's Exhibit F, released unknown claims against all other persons, firms, corporations, associations and partnerships and does, by itself, bar the claims of the plaintiffs for recovery for the death of Alexander Bugaychuk.

Upon the foregoing, it is now

ORDERED that the defendants' motion for summary judgment (Doc. #44) is granted and the Clerk shall enter judgment of dismissal of this civil action and for the recovery of defendants' costs to be taxed.  It is

FURTHER ORDERED that the plaintiffs' motion for partial summary judgment

5

(Doc. #45) is denied and it is

FURTHER ORDERED that the plaintiffs' motion for leave to amend complaint

(Doc. #57) is denied and it is

FURTHER ORDERED that the defendants' motion to compel or in the alternative

to set amount of attorneys fees and costs (Doc. #60) is denied.

DATED: March 30th, 2006.

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge